IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

STUART WAYNE TOMPKINS,       )
                             )
           Plaintiff,        )
                             )
    v.                       )    1:11CV224
                             )
JOEL HERRON, et al.,         )
                             )
           Defendant(s).     )

## ORDER AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, a prisoner of the State of North Carolina and frequent pro se litigant in this and other federal courts, submitted a civil rights action pursuant to 42 U.S.C. § 1983, together with an application to proceed *in forma pauperis*. A previous Magistrate Judge granted the *in forma pauperis* request on the condition that Petitioner complete and return a consent form allowing the filing fee to be deducted from his prison account as funds became available. (Docket Entry 6.) Although Plaintiff did return that form (Docket Entry 13), he also began a barrage of filings that included nine amended complaints, a meritless interlocutory appeal, and other motions. Consequently, the Complaint was never in a sufficient form to allow summonses to be issued and the Complaint to be served upon the Defendants. Finally, the prior Magistrate Judge denied Plaintiff's pending motions and ordered Plaintiff to file a single Amended Complaint "setting out all his claims" with the intent that the Amended Complaint "will be the controlling pleading in this action." (Docket Entry 44.) Plaintiff responded with yet another litany of filings, including multiple motions

to file amended or supplemental complaints. Eventually, the prior Magistrate Judge ordered Plaintiff to file an Amended Complaint or have this matter dismissed for lack of prosecution or failing to comply with court orders. (Docket Entry 68.) Plaintiff then filed a few other documents, but did include an Amended Complaint (Docket Entry 75), as well a Motion (Docket Entry 78) seeking to amend the Amended Complaint. The United States District Judge assigned to the case then entered an Order establishing that the Amended Complaint "is now the controlling complaint for this case," denying Plaintiff's further attempt to amend, denying Plaintiff's other pending motions, and directing that the Amended Complaint be screened under 28 U.S.C. § 1915. (Docket Entry 79.) The Complaint is now before the undersigned for that purpose.

"[T]he court shall dismiss the case at any time if the court determines that – . . . (B) the action or appeal – (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Pertinent to this case, a plaintiff "fails to state a claim on which relief may be granted," 28 U.S.C. § 1915(e)(2)(B)(ii), when the complaint does not "contain sufficient *factual matter*, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (emphasis added) (internal citations omitted) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" Id. (quoting

Twombly, 550 U.S. at 557). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. In other words, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.[1] Also, the Court may anticipate affirmative defenses that clearly appear on the face of the complaint. Nasim v. Warden, Md. House of Corr., 64 F.3d 951, 955 (4th Cir. 1995) (en banc); Todd v. Baskerville, 712 F.2d 70, 74 (4th Cir. 1983).

Petitioner's Amended Complaint (Docket Entry 75), which is now the controlling complaint in the case, sets out claims for relief against a total of 66 employees of Scotland Correctional Institution. Plaintiff was formerly housed in that facility, but is now housed in Marion Correctional Institution. (See Docket Entry 82.) Plaintiff's first claim for relief is that Defendants violated his rights to equal protection under Fourteenth Amendment of the

---

[1] Although the Supreme Court has reiterated that "[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal citations and quotation marks omitted), the United States Court of Appeals for the Fourth Circuit has "not read Erickson to undermine Twombly's requirement that a pleading contain more than labels and conclusions," Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (internal quotation marks omitted) (applying Twombly standard in dismissing pro se complaint); accord Atherton v. District of Columbia Off. of Mayor, 567 F.3d 672, 681-82 (D.C. Cir. 2009) ("A *pro se* complaint . . . 'must be held to less stringent standards than formal pleadings drafted by lawyers.' But even a *pro se* complainant must plead 'factual matter' that permits the court to infer 'more than the mere possibility of misconduct.'" (quoting Erickson, 551 U.S. at 94, and Iqbal, 556 U.S. at 697, respectively)).

United States Constitution because some defendants who are prison guards "gave favorable treatment to Africa Inmates[2]" by giving them "two trays of food." (Docket Entry 75, Statement of Claim: 1, ¶ 2.) Plaintiff identifies three such inmates by their prison identification numbers and alleges that other unidentified "Africa Inmates" also received two trays of food. (Id.) He asserts that some of the inmates treated favorably have the same classification and custody levels as himself and concludes that he "has been . . . arbitrarily and irrationally singled out and treated differently from others in similar situations" and that this amounts to "widespread intentional[ ] Discrimination." (Id., ¶ 3.) He also claims that defendants in supervisory positions knew of the guards actions, but ignored them. (Id.) Plaintiff states that polygraph tests on Defendants will be required to prove his case because Defendants will not admit their wrongdoing. (Id., ¶ 5.) Based on these allegations, Plaintiff seeks $700,000 in compensatory damages and $200,000 in punitive damages.

Plaintiff also raises a separate claim for relief based on a prison disciplinary proceeding. He alleges that certain Defendants subjected him to that proceeding in retaliation for filing a lawsuit, that they denied him his right to have a witness present for the proceeding, and that they falsely convicted him. (Id., Statement of Claim #3[3], ¶¶ 1, 2.) As

---

[2] It appears that Plaintiff likely means African-American inmates. Plaintiff does not identify his own race or ethnicity in the Amended Complaint, but the records of the North Carolina Department of Public Safety list his race as "White" and his ethnic group as "European/N.Am/Austr." See http://www.doc.state.nc.us/offenders (search for "Stuart W. Tompkins" last completed Dec. 13, 2013).

[3] Plaintiff lists this as this third claim for relief, but the Amended Complaint appears
(continued...)

punishment, he lost radio and television privileges for 180 days and lost earned time credits. (Id., ¶ 8.) He again seeks compensatory and punitive damages based on these allegations.

Certain portions of Plaintiff's Amended Complaint are clearly barred or cannot be brought in a § 1983 action. One of these portions is his entire claim as to the disciplinary hearing. Plaintiff alleges that the hearing resulted in the loss of time credits. Because Plaintiff's claims, if successful, would result in the restoration of good-time credits, his allegations are not proper under § 1983. Instead, if he wishes to challenge the disciplinary hearing, he must request the proper forms and file a habeas action under 28 U.S.C. § 2254. See Wilkinson v. Dotson, 544 U.S. 74, 79 (2005) ("Because an action for restoration of good-time credits in effect demands immediate release or a shorter period of detention, it attacks 'the very duration of physical confinement' and thus lies at 'the core of habeas corpus.'" (internal citations and ellipses omitted) (quoting Preiser v. Rodriguez, 411 U.S. 475, 487-88 (1973)). Plaintiff's disciplinary hearing claim should be dismissed without prejudice to his filing a habeas action if he wishes to do so. Only his equal protection claim can potentially proceed in a § 1983 action.

As to the equal protection claim, Plaintiff's request for compensatory damages is not proper. This is because "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in

---

[3](...continued)
to contain only two claims. To the extent there is another claim, that claim appears to be part of Plaintiff's equal protection claim.

custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). Plaintiff does not allege that he suffered any physical injury, only an injury to his constitutional rights. Therefore, his claim for compensatory damages is barred. Most courts hold that § 1997e(e) does not bar equitable relief, nominal damages, or punitive damages for constitutional violations. See Hutchins v. McDaniels, 512 F.3d 193, 197 (5th Cir. 2007) (citing cases); but see, Al-Amin v. Smith, 637 F.3d 1192, 1199 (11th Cir. 2011) (holding that punitive damages are barred by 1997e(e)); Davis v. District of Columbia, 158 F.3d 1342, 1349 (D.C. Cir. 1998) (same). For the purposes of this case, this Court will assume that Plaintiff could potentially recover only nominal damages, such as one dollar, and punitive damages. Plaintiff does not request any equitable relief and injunctive relief is not appropriate in any event given that Plaintiff is no longer housed in the prison where he alleges that the constitutional violations occurred.

Based on the foregoing discussion, Plaintiff's case is limited to, at most, the recovery of nominal and punitive damages for the alleged violation of his equal protection rights. However, even as to that claim, he does not currently set out sufficient allegations to state any claim for relief. The Equal Protection Clause of the Fourteenth Amendment "is essentially a direction that all persons similarly situated should be treated alike." City of Cleburne v. Cleburne Living Ctr., Inc., 473 U.S. 432, 440 (1985). "To succeed on an equal protection claim, a plaintiff must first demonstrate that he has been treated differently from others with whom he is similarly situated and that the unequal treatment was the result of

intentional or purposeful discrimination. Once this showing is made, the court proceeds to determine whether the disparity in treatment can be justified under the requisite level of scrutiny." Morrison v. Garraghty, 239 F.3d 648, 654 (4th Cir. 2001).

Here, Plaintiff does not set out sufficient factual allegations to support a claim that he was similarly situated to inmates receiving two food trays. He alleges only that "some" of those inmates had "the same Classification Levels and Custody Levels" as he did. (Docket Entry 75, ¶ 3.) Presumably then, "some" were also of different classification and custody levels than Plaintiff, indicating that classification and custody levels were not connected to whether or not an inmate received two trays of food. In fact, Plaintiff makes no allegation that they were. The Complaint appears to contain no allegations whatsoever regarding criteria that could affect whether or not an inmate received two trays and, more importantly, whether Plaintiff and inmates receiving two trays of food were similarly situated as evaluated according to those criteria.

Further, Plaintiff does not set out sufficient facts to support a claim that any difference in treatment regarding the food trays was the result of intentional or purposeful discrimination.[4] The only specific allegation that he makes in this regard is that three

---

[4] Plaintiff alleges that polygraph evidence to prove his case is needed to prove his case on this point. (Docket Entry 75, Statement of Claim #1, ¶ 5.) Such evidence is per se inadmissible in the Fourth Circuit. Harris v. Copeland, 2:11-CV-02209-GRA, 2013 WL 5428767, at *4 (D.S.C. Sept. 26, 2013) (unpublished) (citing United States v. Prince–Oyibo, 320 F.3d 494, 498-501 (4th Cir.2003).) If he truly must rely on such evidence as he states in the Amended Complaint, then he cannot establish his case.

identified "Africa Inmates" and some other unidentified "Africa Inmates" received two food trays. He does not allege, however, that all African-American inmates received two food trays or that inmates of other races or ethnicities did not also sometimes receive two trays. The Amended Complaint actually does not even allege that Plaintiff never received two food trays. More importantly, Plaintiff never claims that he requested two trays, but was denied in circumstances similar to the circumstances where other inmates received two trays. Plaintiff simply makes conclusory statements that some persons of another race got two food trays in unidentified circumstances. This is not sufficient to state a claim at this time that he was similarly situated to these persons, but was treated differently.

Consequently, the Amended Complaint should be dismissed, but without prejudice to Plaintiff filing a new complaint, on the proper § 1983 forms, which corrects the defects of the present Amended Complaint. To further aid Plaintiff, the Clerk is instructed to send Plaintiff new § 1983 forms, instructions, an application to proceed *in forma pauperis*, and a copy of pertinent parts of Fed. R. Civ. P. 8 (*i.e.*, Sections (a) & (d)).

*In forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation.

IT IS THEREFORE ORDERED that *in forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation. The Clerk is instructed to send Plaintiff § 1983 forms, instructions, an application to proceed *in forma pauperis*, and a copy of pertinent parts of Fed. R. Civ. P. 8 (*i.e.*, Sections (a) & (d)).

IT IS RECOMMENDED that this action be filed and dismissed *sua sponte* without prejudice to Plaintiff filing a new complaint, on the proper § 1983 forms, which corrects the defects cited above.

This, the 26th day of December, 2013.

                                                        /s/ Joe L. Webster
                                                       Joe L. Webster
                                                       United States Magistrate Judge